IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TIMOTHY S.**[1], <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br> Defendant. | Case No. 3:20-cv-1182-SI <br><br> **OPINION AND ORDER** |

Lisa R. J. Porter, JOHNSON PORTER LAW OFFICE, PC, 5200 SW Meadows Drive, Suite 150, Lake Oswego, Oregon 97035 . Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Erin F. Highland, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Timothy S. (Plaintiff) brings this action pursuant § 205(g) of the Social Security Act (the Act), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security (the Commissioner) finding that Plaintiff was not disabled on December 31, 2015, his last date insured, and therefore denying Plaintiff's application for

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order also uses the same designation for a non-governmental party's immediate family member.

disability insurance benefits under Title II of the Act. For the reasons that follow, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff originally filed Title II and Title XVI applications on August 17, 2016 for disability insurance benefits and a period of disability. AR 14. The applications alleged disability

beginning July 4, 2010. *Id.* Plaintiff, however, later moved to amend his onset date to April 26, 2014. *Id.* Plaintiff was born on July 14, 1966 and was 47 years old on his amended alleged date of onset. AR 116. Plaintiff's application was initially denied on October 24, 2016 and again on reconsideration on February 21, 2017. *Id.* Plaintiff requested a hearing before an ALJ and appeared and testified at a hearing held on October 4, 2018 and a supplemental hearing on July 24, 2019. *Id.* Administrative Law Judge Freund presided over the supplemental hearing. The ALJ issued a partially favorable written decision, finding Plaintiff disabled beginning April 19, 2016. AR 15. Plaintiff appealed the ALJ's decision, and the Appeals Council denied the claim on June 4, 2020. AR 1-5. Plaintiff timely appealed to this Court, seeking reversal of the ALJ's finding that he was not disabled under the meaning of the Act between his amended onset date of April 26, 2014 and April 19, 2016.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

        §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ established that Plaintiff had acquired sufficient quarters of coverage to meet the insured status requirement of the Act through December 31, 2015. AR 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of April 26, 2014. At step two, the ALJ found that Plaintiff had the following severe impairments: recurrent skin infections (Staph, MRSA, and perianal cellulitis) with abscesses, and degenerative disc disease of the lumber spine with annular tear. The ALJ found that Plaintiff had several non-severe impairments, including: GERD; mitral, tricuspid, and pulmonic valve regurgitation; hypertension; and a history of methamphetamine dependence. At step three, the ALJ found that prior to April 19, 2016, Plaintiff did not have an impairment that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). On April 19, 2016, Plaintiff became disabled under the Act. AR 23-24.

Before proceeding to step four, the ALJ determined Plaintiff's residual functional capacity prior to April 19, 2016. The ALJ assessed an ability to perform sedentary work, with limitations to only frequently reach in all directions, handle, push/pull bilaterally, stoop, kneel, crouch and crawl; occasionally climb stairs/ramps; never climb ladders/ropes/scaffolds; and avoid all unprotected heights, moderate exposure to humidity and wetness, and concentrated exposure to extreme temperatures, vibrations, loud (heavy traffic level) sounds, and dusts, fumes, odors, and pulmonary irritants. AR 18. At step four, the ALJ found that Plaintiff had been unable to perform past relevant work since July 4, 2010. AR 22. At step five, the ALJ concluded that prior to April 19, 2016 there were jobs that existed in significant numbers in the national economy that claimant could have performed, including document preparer, telephone clerk, and addressor. AR 22-23.

## DISCUSSION

Plaintiff appeals the ALJ's finding that his skin condition prior to April 19, 2016, did not cause him to be disabled. First, Plaintiff argues that the ALJ did not provide clear and convincing evidence to reject some of Plaintiff's testimony about the effect of his recurrent skin infections. Second, Plaintiff argues that the ALJ failed to incorporate all medical findings into Plaintiff's RFC for the period before April 19, 2016 and that those findings direct a finding of disability.

Plaintiff argues that the ALJ made an adverse "credibility" determination on Plaintiff's testimony about his skin condition without providing clear and convincing evidence in support of that finding. Plaintiff argues that his skin infections, eventually found to cause a categorical finding of disability beginning on April 19, 2016, caused a disabling level of pain and discomfort much earlier than April 19, 2016, but the ALJ found that "the intensity, persistence, and limiting effects" of Plaintiff's symptoms prior to April 2016 were "not fully supported." Plaintiff also argues separately that the ALJ did not fully consider his medical records, but instead "cherry-

picked" evidence that supported a narrative of Plaintiff doing well and ignored evidence to the contrary. When all of the medical evidence is considered, Plaintiff argues, the record shows that he was disabled because of the pain and discomfort associated with his skin conditions much earlier than the ALJ found. Plaintiff argues that when his testimony regarding his pain and functional limitations is credited, the ALJ should have found limitations in sitting, walking, and standing, as well as mental limitations impacting his focus. Plaintiff further argues that the ALJ failed to make findings about whether Plaintiff could work on a "regular and continuing basis."

The Commissioner argues that the ALJ's reliance on the medical evidence was specific, clear and convincing, and that the ALJ properly connected the testimony which was not fully credited with the relevant medical evidence so undermining. Because the ALJ relied on Plaintiff's medical records and the medical opinion testimony of the various physicians who contributed to the record, Plaintiff's two separate arguments regarding his testimony and the evaluation of medical evidence are fundamentally the same objection—his argument that his testimony was improperly rejected can only be evaluated with reference to the entirety of the ALJ's rationale, which is almost entirely based on an evaluation of the medical evidence and medical opinions.

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). The Parties agree that Plaintiff successfully presented evidence of an underlying impairment that could cause his symptoms.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by

medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ gave specific, clear, convincing reasons supported by substantial evidence for not fully crediting Plaintiff's symptom testimony regarding his ability to carry out sedentary, full-time work prior to April 19, 2016. In the written opinion, the ALJ clearly discussed the medical record and the relevant medical source opinions and connected that discussion to the specific evidence at issue, *i.e.,* the impact of Plaintiff's skin condition on his ability to work. Plaintiff has not challenged the ALJ's assessment of each medical source opinion and the conclusions drawn therefrom. Evaluation of the medical opinions was a key aspect of the ALJ's decision to assign an RFC that permitted sedentary work, therefore necessarily rejecting part of Plaintiff's symptom testimony.

The ALJ provided clear reasons for the evaluation given to each medical opinion, and for the impact of those opinions on the RFC determination. Two opinions provided slightly greater limitations than the one ultimately adopted by the ALJ for Plaintiff's RFC. These opinions, from

treating providers Marion Hull, M.D., and Eugene Spear, M.D., both assessed an ability to carry out less than sedentary work. The opinions relied on Plaintiff's "heart failure" to find that he had less than sedentary capacity, and they were in a check-the-box format with no explanation or supporting evidence. Despite these aspects, the ALJ still assigned great weight to the opinions of these treating physicians and their assessment of significant functional limitations, adjusting the limitations only slightly, to permit sedentary work. The ALJ's substantial deference to the vague opinions of the treating providers that favored greater limitations is highlighted when contrasted with the ALJ's treatment of the state agency consulting physicians and the impartial medical expert. The impartial medical expert, James M. McKenna, M.D., opined that Plaintiff was limited to light work. The ALJ found that the medical record supported a more restrictive RFC, and reduced the light restriction assigned by Dr. McKenna to a sedentary restriction. The ALJ also assigned greater restrictions than the state consultants, whose opinions were provided prior to the hearing, at which new evidence was presented that showed greater limitations. The ALJ also found that the state agency consultants did not sufficiently consider Plaintiff's subjective complaints. This consideration of the medical opinion evidence was thorough and proper under the law applicable at the time of Plaintiff's application and hearing.[3]

In further support of the RFC, the ALJ discussed the medical record and Plaintiff's series of hospital visits before April 19, 2016. The ALJ acknowledged the recurrent skin conditions, discussing the instances of treatment and diagnosis from 2014 to 2016. This evidence was not

---

[3] For claims filed before March 27, 2017, the Ninth Circuit and the Commissioner distinguish between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1).

"cherry-picked" as Plaintiff argues, but instead was presented in a comprehensive manner that captured the scope of the record. The ALJ mentioned instances in the record showing that Plaintiff was exacerbating his skin condition by picking at it, causing "excoriations."[4] Ultimately, the ALJ found that the record showed periodic lesions and abscesses that would cause some pain and discomfort, but that would not support allegations of "disabling" pain. This discussion accurately captured the record and was substantial evidence to support a finding that Plaintiff was not completely disabled by the effects of his skin conditions before April 19, 2016. Taken together, the ALJ's evaluation of the multiple medical source opinions and the medical record as a whole is clear, convincing, and substantial evidence that supports a decision to give less than full credit to Plaintiff's symptom testimony.

Plaintiff, relatedly, argues that the RFC as formulated by the ALJ is not "based on all the evidence" because it does not account for limitations resulting from the skin conditions that would prevent Plaintiff from carrying out full time work. The ALJ is not required to include properly discounted symptom testimony in the RFC finding or the hypothetical to the vocational expert. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

---

[4] The Commissioner argues that the ALJ relied upon Plaintiff's own exacerbation, by picking at his lesions and causing excoriations, to discount Plaintiff's symptom testimony. The ALJ in the written opinion never made any findings to that effect. The excoriations are mentioned when the medical record is laid out, and the ALJ never states that Plaintiff's exacerbating behavior is cause for giving less credit to his symptom testimony. Plaintiff argues on Reply that the ALJ should have considered plaintiff's excoriations, and related mental illness suggested by the record, when formulating Plaintiff's RFC. Because the Court does not find that the ALJ relied upon the excoriations to discredit Plaintiff testimony, and therefore rejects the Commissioner's argument to that effect, Plaintiff's rebuttal that such consideration would be inappropriate is moot. Plaintiff makes a new argument on reply that the ALJ should have considered the excoriations in the RFC as a mental health problem. An argument may not be raised for the first time on reply—an argument is waived if it is not raised in the opening brief. *Thrasher v. Colvin*, 611 F. App'x 915, 918 (9th Cir. 2015). Plaintiff's contention that the ALJ should have considered the excoriations as evidence of a mental health impairment when determining the RFC was therefore waived.

Plaintiff further contends that the ALJ should have made explicit findings about his ability to carry out sustained work for eight hours a day, five days a week. This argument is unavailing. By making a finding that Plaintiff had an RFC permitting full-time sedentary work, the ALJ necessarily found that Plaintiff was able to work full time. SSR 96-8p states, "RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Available at* 1996 WL 374184 at *1. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* Here, the ALJ recited the applicable law that the RFC is the ability to do physical and mental work activities on a sustained basis despite limitations from impairments. Tr. 16. As discussed above, the ALJ supported this finding with specific, clear, convincing, and substantial evidence.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 9th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge